Filed 5/20/24  P. v. Lewis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098522 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE008624) |
| v. | |
| DERRICK JEROME LEWIS, | |
| Defendant and Appellant. | |

After a jury found defendant Derrick Jerome Lewis guilty of carjacking, the trial court sentenced him to 37 years to life in prison.  On appeal, defendant contends the court erred by admitting evidence of a prior robbery, and that his trial counsel was ineffective for failing to request a jury instruction for a lesser related offense.  Finding no error, we affirm.

1

# I. BACKGROUND

The People charged defendant with carjacking (Pen. Code, § 215, subd. (a))[1] and alleged several aggravating circumstances and two prior serious felony convictions (§§ 667, subd. (a), 1170.12).  At trial, a witness testified he saw defendant attack a man carrying items to his car from the gas station convenience store.  The victim hit the ground and curled up to protect himself while defendant continued to "wail[]" on him.  The victim called his cousin, who lived about one minute away, and told him what was happening.  When the victim's cousin arrived, he saw someone driving the victim's car out of the gas station with the victim running next to the car, holding onto the steering wheel from outside the vehicle.  The car pulled into the parking lot next to the gas station and defendant repeatedly hit the victim to make him let go.  The victim's cousin then pointed a gun at defendant and defendant stopped.  Another car pulled up with two people inside who said, "you can have your stuff back, you know, we don't want no problems."  Surveillance video showing defendant attacking the victim and trying to get into the victim's car was played for the jury.

The People moved to introduce evidence of a prior robbery from 2017.  There, defendant (while appearing to be a homeless person) approached a different victim asking for money.  After that victim said he did not have any, defendant chased him to a gas station where defendant assaulted him and took his phone, wallet, and bag.  A few hours later, defendant appeared at that victim's home and tried to open the door.  Defendant opposed the motion, arguing the prior conduct evidence would be unduly prejudicial, cause confusion, and result in the undue consumption of time.  The trial court ruled that the prior robbery was admissible to prove intent, and the jury heard testimony detailing

---

[1] Undesignated statutory references are to the Penal Code.

the incident. The court instructed the jury that it could only consider this evidence "for the limited purpose of deciding whether the defendant acted with the [requisite] intent."

In closing argument, defense counsel argued defendant's intent was unclear in this case, and that it was reasonable to conclude defendant was protecting himself from the victim and his cousin.

The jury found defendant guilty of carjacking, and in a separate proceeding the trial court found true the alleged aggravating circumstances and prior convictions. The court sentenced defendant to 37 years to life, comprised of the upper term of nine years for carjacking, tripled to 27 years to life due to the prior strikes, plus five years for each of the prior serious felony convictions.

Defendant timely appealed.

## II. DISCUSSION

A.     *Admission of Prior Robbery Evidence*

Defendant first argues the trial court erred in admitting evidence of the 2017 robbery. We disagree.

Evidence Code section 1101, subdivision (a) " 'expressly prohibits the use of an uncharged offense if the only theory of relevance is that the accused has a propensity (or disposition) to commit the crime charged and that this propensity is circumstantial proof that the accused behaved accordingly on the occasion of the charged offense.' " (*People v. Chhoun* (2021) 11 Cal.5th 1, 25.) Notwithstanding this prohibition, "Evidence Code section 1101[, subdivision] (b) provides for the admissibility of uncharged acts based on noncharacter theories. Evidence of prior conduct is admissible when relevant to demonstrate a fact other than disposition to commit a crime, 'such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident.' " (*People v. Clark* (2021) 62 Cal.App.5th 939, 957.) The prior conduct must be sufficiently similar to the charged offense to be admitted but " '[t]he least degree of similarity (between the uncharged act and the charged offense) is required in order to prove intent.' " (*People v.*

3

*Foster* (2010) 50 Cal.4th 1301, 1328.)  To be sufficiently similar, the uncharged conduct must " 'support the inference that the defendant " 'probably harbor[ed] the same intent in each instance.' " ' " (*Ibid*.)

The other requirements for admissibility must also be met—that is, "the uncharged act must be relevant to prove a fact at issue (Evid. Code, § 210), and its admission must not be unduly prejudicial, confusing, or time consuming (Evid. Code, § 352)." (*People v. Leon* (2015) 61 Cal.4th 569, 597-598.)  The admission of evidence under Evidence Code sections 1101 and 352 is reviewed for abuse of discretion.  (*Leon, supra*, at p. 597.)

Defendant first claims the instant offense was not sufficiently similar to the 2017 robbery, arguing that the instant offense involved multiple assailants, minimal interaction by defendant with the victim, and the taking of a car instead of a phone.  But these differences are insignificant relative to the fact that the prior conduct and the instant offense are both violent takings of property occurring at gas stations.  The 2017 robbery is thus certainly probative as to defendant's mental state in this case.  (Cf. *People v. Steele* (2002) 27 Cal.4th 1230, 1244 ["the doctrine of chances teaches that the more often one does something, the more likely that something was intended, and even premeditated, rather than accidental or spontaneous"].)  And there is no dispute that defendant's intent was a material fact here as "the intent to either permanently or temporarily deprive the person in possession of the motor vehicle" is an element of carjacking.  (§ 215, subd. (a).)

Defendant next argues the evidence's probative value was outweighed by the risk of undue prejudice.  He submits that any probative value was diminished because intent "could not reasonably be disputed" given "the evidence showed that defendant walked up to the victim, unprovoked, and punched him to the ground."  But by pleading not guilty, " 'defendant placed all elements of the crime in dispute,' " including intent.  (*People v. Winkler* (2020) 56 Cal.App.5th 1102, 1151; see also *People v. Steele, supra*, 27 Cal.4th at p. 1246 [finding no abuse of discretion in admitting prior act, even though intent was undisputed in the case, because "intent was so critical to the question of guilt that the

4

court could, in its discretion, conclude the prosecution was entitled to prove it fully"].) What is more, intent *was* at issue here, as defense counsel argued in summation that defendant's intent was unclear and that the circumstantial evidence suggested defendant was defending himself.

There was also little risk of undue prejudice from the prior act evidence because the 2017 robbery was not meaningfully more inflammatory than the present offense. (See *People v. Ewoldt* (1994) 7 Cal.4th 380, 405 [explaining that where testimony describing defendant's uncharged acts is "no stronger and no more inflammatory than the testimony concerning the charged offenses," the potential for prejudice is diminished].) Any prejudicial impact was further tempered by the trial court's limiting instruction, which we presume the jury followed. (See *People v. Delgado* (1993) 5 Cal.4th 312, 331.) We thus conclude that the evidence's probative value was not "substantially outweighed by the probability that its admission will . . . create substantial danger of undue prejudice." (Evid. Code, § 352.)

For these reasons, the trial court did not abuse its discretion in admitting evidence of the 2017 robbery.

B.      *Ineffective Assistance of Counsel*

Defendant contends that his trial counsel was ineffective because he failed to request an instruction on the lesser related offense of attempted second degree robbery.[2]

To establish a claim for ineffective assistance of counsel, defendant must show his counsel's performance was deficient and that he suffered prejudice as a result. (*People v. Mickel* (2016) 2 Cal.5th 181, 198; *Strickland v. Washington* (1984) 466 U.S. 668, 687-

---

[2] Defendant alternates between the terms "lesser included offense" and "lesser related offense" in his brief. The latter is the appropriate term as "neither robbery nor carjacking is a lesser offense necessarily included within the other." (*People v. Green* (1996) 50 Cal.App.4th 1076, 1084.)

692.)  If either element of the ineffective assistance of counsel analysis has not been proven, the defendant's claim of ineffective assistance fails.  (*Strickland, supra*, at p. 697.)  We presume that "counsel's actions fall within the broad range of reasonableness, and [we] afford 'great deference to counsel's tactical decisions.' "  (*Mickel, supra*, at p. 198.)

As our Supreme Court has observed, "certain practical constraints make it more difficult to address ineffective assistance claims on direct appeal rather than in the context of a habeas corpus proceeding."  (*People v. Mickel, supra*, 2 Cal.5th at p. 198.)  This is because "[t]he record on appeal may not explain why counsel chose to act as he or she did.  Under those circumstances, a reviewing court has no basis on which to determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable."  (*Ibid.*)  We will reverse only if there is affirmative evidence that counsel had no rational tactical purpose for an act or omission.  (*Ibid.*)  If the record on appeal sheds no light on why trial counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one or there could be no satisfactory explanation.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)  A defendant thus bears a difficult burden when asserting an ineffective assistance claim on direct appeal.  (*Mickel, supra*, at p. 198.)

Here, defendant has not shown there is no satisfactory explanation for his trial counsel's failure to request an instruction for a lesser-related offense.  Trial counsel could have determined that, rather than give the jury the option to convict on a lesser-related offense, it was better to force the jury to make an "all-or-nothing" decision between convicting on the charged offense and complete acquittal.  Because viable tactical

reasons exist to not request such an instruction, we cannot conclude on this record that defense counsel performed deficiently.

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

FEINBERG, J.